Shannon M. Jost (NYSBA #2848844)
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101
Tel.: (206) 626-6000
Fax:  (206) 464-1496

Attorneys for Defendant Attachmate Corporation

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MOUNT SINAI HOSPITAL,<br><br>        Plaintiff,<br><br>v.<br><br>ATTACHMATE CORPORATION,<br><br>        Defendant. | Case No.:  14 CV 8388 RA<br><br>ATTACHMATE'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS |

Defendant Attachmate Corporation ("Attachmate") provides its answers and affirmative and other defenses to the Complaint and Demand for Jury Trial, and provides its Counterclaims against Mount Sinai as follows:

## ANSWER

1.      Attachmate admits that Mount Sinai purports to allege an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  Except as explicitly stated, Attachmate denies the allegations contained in Paragraph 1 of the Complaint.

2.      Attachmate admits that since 2007 it has been forced to initiate litigation against several customers in order to address such customers' copyright infringement and/or noncompliance with Attachmate's applicable software licenses, and that in such litigation Attachmate has sought appropriate damages based on such companies' copyright infringement and/or noncompliance with applicable software licenses.  Except as specifically stated, Attachmate denies the allegations in Paragraph 2.

3.      Attachmate admits that Mount Sinai has been a customer and purchased certain licenses from Attachmate.  Except as specifically stated, Attachmate denies the allegations in Paragraph 3.

4.      Attachmate admits that it commissioned an audit by the accounting firm Deloitte & Touche of Mount Sinai's deployment of Attachmate's software products, the result of which showed Mount Sinai to have over-deployed certain Attachmate software products in breach of its license agreements.  Attachmate further admits that it is entitled to damages, including license fees, maintenance, and interest.  Except as specifically stated, Attachmate denies the allegations in Paragraph 4.

## THE PARTIES

5.      Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

6.      Attachmate admits the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.      Attachmate admits that Mount Sinai purports to allege an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  Except as explicitly stated, Attachmate denies the allegations in Paragraph 7.

8.      Attachmate denies the allegations in Paragraph 8.

9.      Attachmate admits that this Court has subject matter jurisdiction over these claims pursuant to the Declaratory Judgment Act, that Mount Sinai purports to allege that it has not breached a contract between Mount Sinai and Attachmate, and that Mount Sinai purports to

allege that Attachmate has breached a contract between Mount Sinai and Attachmate. Attachmate additionally states that Mount Sinai has not asserted a copyright infringement cause of action and that Attachmate has fully performed all its contractual obligations to Mount Sinai. Except as specifically stated, Attachmate denies the allegations in Paragraph 9.

10.     Attachmate admits that this action is between citizens of different states. Attachmate lacks sufficient knowledge or information about Mount Sinai's purported damages to form a belief about the truth of the allegations regarding 28 U.S.C. § 1332 and therefore denies them. Except as specifically stated, Attachmate denies the allegations in Paragraph 10.

11.     Attachmate admits that, if the Court has jurisdiction over this case under the Copyright Act or 28 U.S.C. § 1332, the Court may in its discretion exercise supplemental jurisdiction over the software licensing disputes.  Except as specifically stated, Attachmate denies the allegations in Paragraph 11.

12.     Attachmate admits that, if the Court has jurisdiction, venue in this Court is proper. Attachmate further admits that it maintains an office in the State of New York, and is registered to conduct business in New York. Except as specifically admitted, Attachmate denies the allegations in Paragraph 12.

13.     Attachmate admits that, if this Court has jurisdiction, venue in this Court is proper.  Attachmate further admits that it maintains an office in the State of New York and is registered to conduct business in New York.  Except as specifically admitted, Attachmate denies the allegations in Paragraph 13.

14.     Attachmate admits the allegations in Paragraph 14.

## FACTUAL BACKGROUND

### Background

15.     Attachmate admits that Mount Sinai has purchased licenses from Attachmate to deploy various software products.  Attachmate further admits that the current dispute involves, without limitation, certain software products within the "Reflection" product family, specifically including the "Reflection Multi-Host Standard" software products.  Attachmate also admits that

Mount Sinai purchased and used, without limitation, licenses for various versions of the "Reflection Multi-Host Standard," "Reflection Standard Suite," and "Reflection 2014" software products (collectively "Reflection Products"). Except as specifically stated, Attachmate denies the allegations in Paragraph 15.

16. Attachmate admits that the Reflection Products are "terminal emulation" products and that this software can allow users to access data or programs (such as accounts payable or payroll programs) on a host server from an individual computer. Except as specifically stated, Attachmate denies the allegations in Paragraph 16.

17. Attachmate admits that the audit of Mount Sinai's computers and servers commissioned by Attachmate reported that Mount Sinai had installed copies of various versions of the Reflection software on the hard drives of at least 1431 of Mount Sinai's computers. Except as specifically stated, Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18. Attachmate avers that the audit of Mount Sinai's computers and servers commissioned by Attachmate reported that at least 11,249 Mount Sinai computers, which computers did not have local installations of the Reflection software, could connect to Mount Sinai's servers on which the Reflection software was installed, and that upon information and belief each of those computers could access and use, directly or indirectly, the Reflection software on those servers. Except as specifically stated, Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

19. Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

**The Software License Agreement**

20. Attachmate admits that at times it uses a click-wrap or click-through license model, whereby the terms of the license are accepted by the user of the software at the time of

installation or download. Attachmate further states that it has also used a shrinkwrap license model. Except as specifically stated, Attachmate denies the allegations in Paragraph 20.

21.     Attachmate admits that Mount Sinai purchased the software licenses subject to an "Attachmate Software License Agreement" ("License Agreement") and that a representative copy of the License Agreement is attached as Exhibit B to the Complaint.  Except as specifically stated, Attachmate denies the allegations in Paragraph 21.

22.     Attachmate admits that the parties entered into the License Agreement and that a representative copy of the License Agreement is attached as Exhibit B to the Complaint.  The License Agreement speaks for itself and is the best evidence of its contents.

23.     Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

### Attachmate's Audit of Mount Sinai's Software Usage

24.     Attachmate admits that on or about July 1, 2014, it sent a letter to Mount Sinai stating that Mount Sinai had been selected for an audit of installed Attachmate Software Products.  Attachmate further admits that the license verification was conducted by Deloitte & Touche LLP, a well-regarded provider of such services.  Except as specifically stated, Attachmate denies the allegations in Paragraph 24.

25.     Attachmate admits to sending Mount Sinai an email comparing the results of the audit with the number of licenses purchased by Mount Sinai.  Attachmate further admits that Attachmate calculated, based on a comparison of the deployments reported by the audit and Attachmate's records of Mount Sinai's license purchase, and after providing Mount Sinai certain credits based on licenses purchased for related products, that Mount Sinai over-deployed the Attachmate Software Products by at least 9,762 devices.  Attachmate further states that it worked with Mount Sinai to determine a resolution deadline, which was ultimately set as November 22, 2014, though Mount Sinai filed this action prior to that date.  Attachmate further states that its investigation as to the extent of Mount Sinai's over-deployment of Attachmate Software

Products is continuing.  Except as specifically stated, Attachmate denies the allegations in Paragraph 25.

26.     Attachmate admits that it sent Mount Sinai an email on October 16, 2014, with an attachment that calculated damages for Mount Sinai's over-deployment of the Reflection software, and that such calculation included license fees, maintenance, and interest components. The email and attachment speak for themselves and are the best evidence of their contents. Except as specifically stated, Attachmate denies the allegations in Paragraph 26.

**Attachmate Seeks Payment from Mount Sinai**

27.     Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

29.     Attachmate admits that Citrix is a terminal server that allows users and devices to access a mainframe or host server through certain devices on a virtual private network. Attachmate further admits that the audit of Mount Sinai's computers and servers showed an over-deployment of the Reflection Software of at least 9,762 Mount Sinai devices, after providing certain credits.  Attachmate further states that its investigation as to the extent of Mount Sinai's over-deployment of Attachmate Software Products is continuing.  Except as specifically stated, Attachmate denies the allegations in Paragraph 29.

30.     Attachmate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30 and therefore denies them.

31.     Attachmate admits that the parties entered into the License Agreement and that a representative copy of the License Agreement is attached as Exhibit B to the Complaint.  The License Agreement speaks for itself and is the best evidence of its contents.  Except as specifically stated, Attachmate denies the allegations in Paragraph 31.

32.     Attachmate admits that it has instructed Mount Sinai that it must purchase licenses for the license shortfall.  Except as specifically stated, Attachmate denies the allegations

in Paragraph 32.  Attachmate additionally states that Mount Sinai has never offered to fully remedy its breaches of contract.

33.     Attachmate admits that it is owed back-maintenance fees.  Except as specifically stated, Attachmate denies the allegations in Paragraph 33.

34.     Attachmate admits that it is owed back-interest.  Except as specifically stated, Attachmate denies the allegations in Paragraph 34.

35.     Attachmate admits that the audit of Mount Sinai's computing systems revealed that Mount Sinai had installed and provided thousands of devices with access to the Reflection software without purchasing sufficient licenses, and that these and other actions by Mount Sinai breached Mount Sinai's agreements with Attachmate and infringed Attachmate's copyrights. Except as specifically stated, Attachmate denies the allegations in Paragraph 35.

36.     Attachmate denies the allegations in Paragraph 36.

37.     Attachmate admits that Mount Sinai claims not to have over-deployed Attachmate Software Products or violated Attachmate copyrights.  Except as specifically stated, Attachmate denies the allegations in Paragraph 37.

38.     Attachmate denies the allegations in Paragraph 38.  Attachmate additionally states that Attachmate fully performed all its contractual obligations to Mount Sinai.

## FIRST CAUSE OF ACTION

39.     Attachmate realleges and incorporates each of its answers to Paragraphs 1 through 38 of the Complaint.

40.     Attachmate admits that the audit of Mount Sinai's computing systems revealed that Mount Sinai had installed and provided thousands of devices with access to the Reflection software without purchasing sufficient licenses or maintenance, and that these and other actions by Mount Sinai breached Mount Sinai's agreements with Attachmate and infringed Attachmate's copyrights, and that after several weeks of efforts by Attachmate to resolve the situation, Mount Sinai still has refused to pay the required license fees, interest and other damages.  Except as specifically stated, Attachmate denies the allegations in Paragraph 40.

41.     Attachmate denies the allegations in Paragraph 41.

42.     Attachmate denies the allegations in Paragraph 42.  Attachmate additionally states that Mount Sinai has not alleged a cause of action but instead appears to have stated a potential defense to an anticipated cause of action against Mount Sinai.

## SECOND CAUSE OF ACTION

43.     Attachmate realleges and incorporates each of its answers to Paragraphs 1 through 42 of the Complaint.

44.     Attachmate admits that the audit of Mount Sinai's computing systems revealed that Mount Sinai had installed and provided thousands of devices with access to the Reflection software without purchasing sufficient licenses or maintenance, and that these and other actions by Mount Sinai breached Mount Sinai's agreements with Attachmate and infringed Attachmate's copyrights, and that after several weeks of efforts by Attachmate to resolve the situation, Mount Sinai still has refused to pay the required license fees, interest and other damages.  Except as specifically stated, Attachmate denies the allegations in Paragraph 44.

45.     Attachmate denies the allegations in Paragraph 45.

46.     Attachmate denies the allegations in Paragraph 46.  Attachmate additionally states that Mount Sinai has not alleged a cause of action but instead appears to have stated a potential defense to an anticipated cause of action against Mount Sinai.

## THIRD CAUSE OF ACTION

47.     Attachmate realleges and incorporates each of its answers to Paragraphs 1 through 46 of the Complaint.

48.     Attachmate denies the allegations in Paragraph 48.

49.     Attachmate denies the allegations in Paragraph 49.  Attachmate additionally states that Attachmate fully performed all its contractual obligations to Mount Sinai.

50.     Attachmate denies that Mount Sinai is entitled to any of the relief requested and additionally states that Mount Sinai has not alleged a Declaratory Judgment Act claim to support the declaratory relief sought, and that Mount Sinai is not entitled to any damages or other relief.

## AFFIRMATIVE AND OTHER DEFENSES

A.      The Court may lack jurisdiction over some of the causes of action.

B.      The Complaint is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

C.      The Complaint is barred, in whole or in part, because several of the purported claims asserted by Mount Sinai are not causes of action but are instead defenses to anticipated causes of action.

D.      The Complaint is barred, in whole or in part, because Mount Sinai breached its agreements with Attachmate.

E.      The Complaint is barred, in whole or in part, because Mount Sinai infringed Attachmate's copyrights.

F.      The Complaint is barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

G.      Mount Sinai's purported damages are barred, in whole or in part, by the terms of its contracts.

H.      To the extent Mount Sinai purportedly incurred damages, which it did not, Mount Sinai failed to mitigate them.

I.      To the extent Mount Sinai purportedly incurred damages, which it did not, the damages would be offset by amounts owed to Attachmate for Mount Sinai's breaches of contract and copyright infringement.

WHEREFORE, Attachmate prays for relief as follows:

A.      for judgment in favor of Attachmate and against Mount Sinai, dismissing Mount Sinai's Complaint with prejudice;

B.      for an award to Attachmate of its attorney's fees and costs pursuant to the parties' contracts, statute, or otherwise according to law or equity; and

C.      for such other relief as the Court deems appropriate.

## COUNTERCLAIMS

Defendant Attachmate Corporation, by and through its attorneys, files the following Counterclaims against Plaintiff Mount Sinai Incorporated.

1.      Counterclaim Plaintiff Attachmate Corporation ("Attachmate") is a Washington corporation with its principal place of business in Seattle, Washington.

2.      Upon information and belief, Counterclaim Defendant Mount Sinai Hospital ("Mount Sinai") is a not-for-profit hospital with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

3.      This civil action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and Washington State common law.  This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. § 1331 and § 1338(a) and supplemental jurisdiction over the Washington State claims under 28 U.S.C. § 1367.  This Court also has jurisdiction over these Counterclaims under 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy on the Counterclaims exceeds $75,000.

4.      This Court has jurisdiction over Mount Sinai because, upon information and belief, Mount Sinai resides in New York and has its principal place of business in New York.

5.      Venue in this district is proper pursuant to 38 U.S.C. § 1391(b) & (c) and § 1400(a).

## FACTS

6.      Attachmate Corporation, which merged with WRQ, Inc. in 2005, is a leader in multi-host access, interoperability, and security management software, serves tens of thousands of customers in nearly 60 countries worldwide, and has been doing business since the 1980s.

7.      Attachmate has developed and distributed a variety of software products, including "Reflection Multi-Host Standard," "Reflection Standard Suite," and "Reflection 2014" (collectively, "Attachmate Products"), and continues to develop and distribute various software products.

8.      The Attachmate Products at issue are "terminal emulation" products.  This technology replaces the need for classic "dumb terminals."  Historically, so-called "dumb terminals" provided a direct connection to host systems, but offered no other functionality.  For example, an older model of a cash register would be considered a "dumb terminal" that allowed only direct payment transactions, while more extensive account management functionality would be handled using a personal computer or mainframe computer.

9.      Emulation software renders "dumb terminals" unnecessary by allowing users of devices to access information and applications on a host system from their personal computing devices.  For example, the Attachmate Products allow a licensee's various computing devices to access host applications and perform mission critical functions, such as accessing accounts payable information or manufacturing information.

10.     Customers do not purchase Attachmate Products but instead may purchase licenses for Attachmate Products.  They purchase licenses directly from Attachmate's sales representatives or indirectly through resellers, in both cases paying a fee for each license.

11.     Attachmate sells licenses for specific products.  For example, if a customer purchases a license for Reflection for Multi-Host Enterprise Standard Edition, it cannot install EXTRA! Mainframe Server Edition instead (or in addition).

12.     Attachmate also sells the licenses by version.  For example, if a customer purchases a license for Reflection Standard Suite 2011, it cannot install Reflection 2014 instead (or in addition).

13.     Attachmate offers and sells its Attachmate Product licenses, upgrade licenses and maintenance contracts based on established price lists.

14.     Attachmate generally licenses its software based on the number of devices, rather than the number of users.  A device-based license means that the licensee must acquire a license for each device that has the specific Attachmate Product installed on it or that can access or interact with the Attachmate Product.

15.     All the licenses purchased by Mount Sinai that are at issue in this lawsuit are device-based licenses.

16.     All the licenses purchased by Mount Sinai that are at issue in this lawsuit provide that if an audit reveals a material license shortfall of 5% or more, that the licensor must reimburse Attachmate for the costs of the audit.

17.     All the licenses purchased by Mount Sinai that are at issue in this lawsuit provide that a prevailing party is entitled to recover its costs and attorney fees.  A true and correct copy of an Attachmate Software License Agreement applicable to the Reflection software products at issue is attached as **Exhibit A**.

18.     Attachmate's website <www.attachmate.com> and the Attachmate Products feature prominent copyright notices.

19.     Attachmate has expended considerable effort and expense in developing and promoting the Attachmate Products.

20.     As a result of Attachmate's extensive efforts, the Attachmate Products are valuable, proprietary products and the software, its structure, sequence and origin are valuable trade secrets of Attachmate.

21.     The Attachmate Products contain material wholly original to Attachmate and consist of copyrightable subject matter under the U.S. Copyright Act of 1976, 17 U.S.C. § 101 *et. seq*.

22.     Attachmate owns, among others, the following U.S. Copyright Registrations for the products at issue in this lawsuit and their predecessor copyrighted works:

| | |
|---|---|
| Reflection for IBM Version 7.0 | TX-5-249-083 |
| Reflection for IBM Version 8.0 | TX-5-099-578 |
| Reflection(r) for IBM Version 9.0 | TX-5-425-460 |
| Reflection for IBM Version 10.0 | TX-5-661-366 |
| Reflection (r) for IBM Version 11.0 | TX-5-852-652 |

| Reflection for IBM Version 12.0 | TX-6-005-245 |
|---|---|
| Reflection for IBM Version 13.0 | TX-6-232-608 |
| Reflection for IBM Version 14.0 | TX-6-380-587 |
| Reflection for IBM Version 14.1 | TX-7-351-951 |
| Reflection for UNIX Version 7.0 | TX-6-201-108 |
| Reflection for UNIX Version 8.0 | TX-5-104-607 |
| Reflection for UNIX Version 9.0 | TX-5-425-459 |
| Reflection for UNIX Version 10.0 | TX-5-655-387 |
| Reflection for UNIX Version 11.0 | TX-5-852-648 |
| Reflection for UNIX Version 12.0 | TX-6-005-244 |
| Reflection for UNIX Version 13.0 | TX-6-232-609 |
| Reflection for UNIX Version 14.0 | TX-6-360-588 |
| Reflection for UNIX Version 14.1 | TX-7-351-946 |

23.     The Reflection for IBM and Reflection for UNIX software products together comprise the Reflection Multi-Host Standard software products.

24.     Mount Sinai acquired licenses from Attachmate by purchasing fixed numbers of licenses for specific versions of specific Attachmate Products.  Even after providing Mount Sinai with certain credits for other licenses purchased by Mount Sinai for Attachmate products that allowed Mount Sinai to deploy Reflection for Multi-Host Enterprise Standard Edition, a shortfall of at least 9,762 licenses remained.  Attachmate's investigation as to the extent of Mount Sinai's over-deployment of Attachmate Software Products is continuing.

## COUNTERCLAIM 1
## COPYRIGHT INFRINGEMENT

25.     Attachmate realleges and incorporates by reference the preceding allegations as though set forth in their entirety.

26.     Attachmate is the owner of copyrights in and to the Attachmate Products, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 101, et seq.

27.     Mount Sinai exceeded the scope of the license agreements offered and accepted by making unauthorized copies, installations and distributions of the Attachmate Products, and such actions infringed and continue to infringe Attachmate's exclusive rights granted by the Copyright Act, 17 U.S.C. § 106.

28.     Mount Sinai knowingly, willfully and deliberately infringed Attachmate's copyrights in the Attachmate Products and continues to do so.

29.     Attachmate suffered and continues to suffer damages as a result of Mount Sinai's actions, in an amount to be proven at trial.

30.     Attachmate's remedy at law is not itself adequate to compensate Attachmate for injuries inflicted and threatened by Mount Sinai.

## COUNTERCLAIM II
## BREACH OF EXPRESS AND IMPLIED CONTRACT

31.     Attachmate realleges and incorporates by reference the preceding allegations as though set forth in their entirety.

32.     Mount Sinai's licenses of Attachmate Products are governed by the license agreements.  Each of the contracts is a valid, enforceable, two-party contract.

33.     Mount Sinai had possession of the Attachmate Products and the embedded license agreements for each of the Attachmate Products.  The supply of the Attachmate Products and the license terms constituted an offer by Attachmate to sell a license.

34.     By its actions, Mount Sinai accepted the terms of Attachmate's offers to sell licenses and software maintenance services, creating contracts for which payment was expected.

35.     The rights to the Attachmate Products are conferred by and controlled by the contracts and such rights are not within the subject matter of the Copyright Act.  Attachmate's right to enforce its contractual rights is not equivalent to the exclusive rights under the Copyright Act.

36.     Mount Sinai breached and continues to breach independent covenants in the contracts by failing to pay Attachmate the required license fees for all instances when it provided access to the Attachmate Products through Mount Sinai's servers, and by installing, accessing, interacting with and/or using the Attachmate Products on devices without paying the required license fees.

37.     Mount Sinai breached and continues to breach independent covenants in the contracts by failing to monitor or control installation of, access to, interaction with and/or use of the Attachmate Products as required by the license agreements.

38.     As a direct and proximate result of these and other express and implied breaches of the contracts, Attachmate suffered and is continuing to suffer damages, in an amount to be determined at trial.

39.     Attachmate's remedy at law is not itself adequate to compensate Attachmate for injuries inflicted and threatened by Mount Sinai.

## RELIEF

WHEREFORE, Attachmate prays for relief as follows:

A.      For judgment in favor of Attachmate Corporation and against Mount Sinai.

B.      For an injunction enjoining and restraining Mount Sinai, its officers, directors, agents, employees, representatives, and all persons acting in concert with them, requiring them to (a) remove all infringing copies of Attachmate Products, (b) cease providing devices with access to Attachmate Products for which Mount Sinai failed to purchase licenses; and (c) cease engaging in further acts constituting breach of contract.

C.      For an award of Attachmate's actual damages for Mount Sinai breaches of contract, including but not limited to lost product licensing fees and maintenance fees, lost profits, the full benefit of the contracts that Attachmate offered and Mount Sinai accepted, and reimbursement for the costs of the audit.

D.      For an award of Attachmate's actual damages for Mount Sinai infringement of Attachmate's copyrights, including but not limited to fair market value licensing fees, and an

award of all profits received, directly or indirectly, by Mount Sinai in connection with each infringement pursuant to 17 U.S.C. § 504(b).

E.    For an award of statutory damages in the maximum amount permitted by law pursuant to 17 U.S.C. § 505, the license agreements, or any other basis permitted by law or the equitable powers of the Court.

F.    For an award of pre-judgment and post-judgment interest on all applicable amounts.

G.    For an award of Attachmate's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505, the license agreements, or any other basis permitted by law or the equitable powers of the Court.

H.    Such other and further relief as the Court may deem equitable and proper.

DATED this 13th day of November, 2014.

STOKES LAWRENCE, P.S.

By: _s/ Shannon M. Jost_
    Shannon M. Jost (NYSBA #2848844)
    1420 Fifth Avenue, Suite 3000
    Seattle, WA  98101
    Tel.: (206) 626-6000
    Fax:  (206) 464-1496
    Email: shannon.jost@stokeslaw.com

Attorneys for Defendant Attachmate
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2014, I caused the foregoing *Attachmate's Answer, Affirmative and Other Defenses, and Counterclaims* to be:

☒       electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James H. Bicks
Wiggin and Dana LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901
*jbicks@wiggin.com*

Benjamin M. Daniels
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, CT 06508
*bdaniels@wiggin.com*

Scott R. Landau
Mount Sinai Health System
Office of the General Counsel
One Gustave L. Levy Place
Box 1099
New York, NY 10029
*scott.landau@mountsinai.org*

*s/ Shannon M. Jost*
Shannon M. Jost (NYSBA #2848844)
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101
Tel.: (206) 626-6000
Fax:  (206) 464-1496
shannon.jost@stokeslaw.com

Attorneys for Defendant Attachmate
Corporation